IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC,<br><br>                        Plaintiff,<br><br>    v.<br><br>TIME INC.,<br><br>                        Defendant. | Civil Action No.  2:12-CV-00337-MHS-CMC<br><br>Jury Trial Demanded |

**DEFENDANT TIME INC.'S REPLY ON ITS MOTION TO
TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

Time's motion demonstrated that all relevant witnesses—both party and non-party—and both parties' documents are located in or near the Southern District of New York ("SDNY") and that the district has a real local interest in the dispute. In direct contrast, DietGoal's opposition identified no business, no witnesses, no employees, and no sources of proof in Texas. Indeed, Dietgoal itself, while pretending to be a "Texas" company for manipulating venue, in fact is owned by New York residents who presumably operate the company from New York. Given this, Time's motion presents a single straightforward question for the Court to decide. When all of the witnesses, documents, and local interest are in New York, while none are in this District, can the Court nonetheless refuse a transfer simply on the basis that the plaintiff has recently sued others in this District? In short, can a plaintiff get away with transforming a clearly inconvenient forum into a convenient one simply by filing many such clearly inconvenient lawsuits? If this Court applies the long line of Federal Circuit cases ordering transfer from this District, as it properly did in its recent *Droplets* cases, the answer is clearly no. In fact, this case presents factors that point even more decisively in favor of transfer than *Droplets*, such that no principled reason exists to refuse transfer here while ordering transfer in *Droplets*.

**I.      At Least Four Factors Heavily Favor Transfer**

Convenience to Witnesses: This is a New York-centered case with no real connection to this District. DietGoal has not identified a single witness located in or even remotely near this District. Instead, all of the relevant witnesses, including Time's employees, DietGoal's owners, the named inventor and his company, the prosecuting attorney, former Time employees, and prior art witnesses all reside in or near New York. Because DietGoal cannot name a single witness near this District, it argues that the Court should ignore all of the New York witnesses because Time did not describe in detail their expected testimony. That is not required. *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Time provided more than what is required, specifically identifying the witnesses by name, along **with their substantive knowledge**, *e.g.*, those involved in developing the accused feature and those with prior art knowledge. This factor strongly favors transfer.

1

Absolute Subpoena Power:  Similarly, DietGoal does not dispute that there is **no** identified witness whatsoever within this Court's subpoena power and many within the power of the SDNY. This factor strongly favors transfer, and for a very good reason.  Refusing a transfer here would deny Time the right to put on a defense at trial with those relevant witnesses, while granting transfer would not infringe on that right for either party.  Thus, when weighing the factors, the Court should consider the importance of maximizing access to a full defense with relevant witnesses at trial.

Locations of Documents:  As with witnesses, DietGoal identifies no documents anywhere near this District.  This is not surprising since Dietgoal itself was formed by New Yorkers just one day before filing its first patent lawsuit and it has no business, offices or employees in Texas.   DietGoal also does not refute that Time's own records, those of third party witnesses, and likely those of DietGoal's owners are all located in or near New York.  Instead, as it did regarding witnesses, DietGoal asks the Court to ignore all of this because Time did not specify the volume of documents. Again, there is no such requirement.[1]  As the appellate cases show, the volume is not important when, as is the case here, all relevant documents are in or near the transferee venue but none are in this District.  *Genentech*, 566 F.3d at 1345.  This factor also strongly favors transfer.

Local Interest:  DietGoal's brief ignores the local interest factor.  Time's motion showed how this District has no particular interest, while the SDNY is the only district with a truly local interest in the dispute given that DietGoal's owners and Time's business and witnesses are there, and the accused site was developed and is operated there.  This factor also strongly favors transfer.

Judicial Efficiency:  DietGoal relies heavily on the alleged efficiency of maintaining its cases in one forum.  However, the cases are all just beginning, claim construction has not begun, and they involve separately developed websites that almost certainly operate differently in many respects. Further, the alleged judicial efficiency is caused by DietGoal's New York owners filing cases with no

---

[1] The sole case DietGoal cites, *Portal Technologies LLC v IAC/InteractiveCorp.*, No. 2:11-cv-00439, Dkt. No. 59, at 3 (E.D. Tex. August 15, 2012), in fact found just the opposite, that a summary claim that a defendant's documents are in its home location "clearly" favored transfer.

2

connection to this District. Nonetheless, as discussed below, even if some efficiency pointed to retaining this case, that one factor is far outweighed by the other factors strongly favoring transfer.[2]

## II.     The Southern District of New York Is The "Clearly More Convenient" Venue

In the balance, at least four significant factors solely favor transfer. Not a single factor supports keeping this case in Texas; rather, doing so would cause significant inconvenience to numerous witnesses, burden the parties with respect to documents, infringe on the parties' ability to subpoena witnesses for trial, and burden jurors in a district with no interest in the case. The Federal Circuit has found that when these factors favor transfer, transfer should be the result:

> As in *Volkswagen*, *TS Tech*, *Genentech*, and this court's most recent decision, *In re Hoffmann-La Roche Inc.*, this case features a stark contrast in relevance, convenience, and fairness between the two venues. This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.

*In re Nintendo*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

DietGoal ignores this precedent and asserts that one factor, judicial efficiency, should override all others here. While Time disagrees that judicial efficiency favors transfer in this instance of obvious forum shopping, even if it did, that single factor cannot, under the law, support denying the motion when so many convenience and fairness factors point the other way.

First, the Fifth Circuit has been clear that no single factor is dispositive in the transfer analysis. *Volkswagen I*, 371 F.3d at 203 ("The determination of 'convenience' turns on a number of private and public interest factors, **none of which are given dispositive weight**.") (emphasis added). Instead, all factors must be weighed for an "individualized, case-by-case consideration of convenience and fairness." *Genentech*, 566 F.3d at 1346. DietGoal's assertion that judicial efficiency alone can trump a

---

[2] The remaining factors are neutral. While DietGoal claims that the court congestion factor favors this District over the SDNY, this Court found in *Droplets* that it only "slightly" weighed against transfer, and still transferred the case. *Droplets v. E*Trade* (*Droplets I*), 2012 WL 3133398, at *6 (E.D. Tex. Mar. 5, 2012) (Craven, M.J.). Further, the Federal Circuit has confirmed that time to trial due to docket congestion is not important for an entity such as DietGoal that does not practice the patent. *In re Morgan Stanley*, 417 Fed. App'x 947, 950 (Fed. Cir. Apr. 6, 2011) (ordering transfer to SDNY).

strong showing on four other factors contradicts this controlling law.  Moreover, while DietGoal makes much of the quote that judicial efficiency can be a "paramount" factor in the analysis, "paramount" does **not**, as DietGoal suggests, equate with "decisive" or "overriding." *See In re Verizon*, 635 F.3d 559, 562 (Fed. Cir. 2011) (stating that for a showing of judicial efficiency to "override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a)").  In fact, to the extent that any one factor has been given the most weight, it is the **convenience of witnesses**, which the Federal Circuit has described as "probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1342 (citation omitted).  Here, witness convenience and three other factors strongly favor transfer, and judicial efficiency alone cannot override those.

  Second, the Federal Circuit has repeatedly ordered transfer where it arguably would have been efficient to maintain the case in this District but where, as here, other factors favored transfer.  For example, in *Verizon* and *Morgan Stanley*, this District had previously construed claims of asserted patents, yet the Court "rejected arguments that the preservation of judicial economy should preclude transfer to a far more convenient venue." *Morgan Stanley*, 417 Fed. App'x at 949.  Likewise, in *Zimmer*, the Court found that the factors as a whole favored transfer even though this would result in cases pending in different districts. *In re Zimmer*, 609 F.3d 1378, 1382 (Fed. Cir. 2010).  This is even truer here, where all of DietGoal's cases are in their infancy.

  Third, this Court's own decision in the *Droplets* cases likewise illustrates the error of DietGoal's argument.  As discussed in more detail in Time's Motion (at p. 11), some *Droplets* defendants did not seek a transfer and stayed before this Court.  And there, as here with Time, numerous factors pointed in favor of transferring some defendants.  Despite Droplets' argument that judicial efficiency favored keeping all the cases together, this Court properly balanced the factors and transferred some defendants to New York and California.  And it did so even though, unlike here, this District had previously construed the claims of the asserted patent, plaintiff's documents were located here and there were witnesses located in this District, including the plaintiff's own CEO. *Droplets I*,

4

2012 WL 3133398, at *2-5.  Thus, here, the factors even more strongly favor transfer than in *Droplets*.

Fourth, permitting DietGoal to manufacture judicial efficiency by filing many inconvenient cases is contrary to the rule precluding "parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just." *Van Dusen v. Barrack*, 376 U.S. 612, 625 (1964).  The Federal Circuit applied this rule in *Hoffman-La Roche* and *Microsoft*, holding that pre-litigation transfer of documents to this District and incorporation in Texas was done "to manipulate the propriety of venue and that it was entitled to no weight in the court's venue analysis."  587 F.3d at 1336-37; *see also* Supreme Ct. cases cited at *id.*  Here, this case clearly belongs in the SDNY.  DietGoal instead chose to file many cases in this unrelated District in an effort to infect the venue analysis with claims of "judicial efficiency."  Under the principles discussed in the above cases, the Court should not reward DietGoal's venue machinations.

Finally, the judiciary already has a solution to DietGoal's alleged problem:  the multi-district litigation (MDL) process.  If DietGoal can meet the requirements for MDL, then the MDL panel will consolidate the cases for pretrial proceedings to create some of the efficiencies that appear to concern DietGoal but then return the cases back to their origins for trial, where the parties have convenient access to witnesses and evidence and where jurors have a local interest.  DietGoal essentially asks the Court to be a one-judge MDL panel to assign itself all cases involving this patent when many belong elsewhere.  Not only would that result usurp the MDL panel but it also would undermine the safeguards the MDL panel provides by sending cases back to convenient, interested districts for trial.

In sum, as this Court's *Droplets* case illustrates, judicial efficiency cannot be a one-factor trump card—especially where it is improperly manufactured by plaintiff—when at least four other factors overwhelmingly support transfer.  Thus, the Court should transfer this case to the SDNY.

                                               Respectfully submitted,

Dated:  September 7, 2012             By:    /s/ J. Christopher Carraway
                                                         J. Christopher Carraway (OR Bar No. 961723)

>christopher.carraway@klarquist.com
>Salumeh R. Loesch (OR Bar No. 090074)
>salumeh.loesch@klarquist.com
>KLARQUIST SPARKMAN, LLP
>121 S.W. Salmon Street, Suite 1600
>Portland, Oregon  97204
>Telephone:  (503) 595-5300
>Facsimile:  (503) 595-5301

*Attorneys for Defendant Time Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 7, 2012, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/* J. Christopher Carraway
J. Christopher Carraway
