IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC | § § | |
| v. | § § | Case No. 2:12-CV-337-JRG-RSP |
| TIME INC. | § § | |

## MEMORANDUM ORDER

Before the Court is Defendant Time Inc.'s Motion to Transfer Venue to the Southern District of New York (Dkt. No. 15, filed August 8, 2012). Time argues that the Southern District of New York is a clearly more convenient forum for this case. Plaintiff DietGoal Innovations LLC opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that the Eastern District of Virginia is a clearly more convenient venue that has superior connections to this case as compared to either venue proposed by the parties.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of

proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

### A.  Proper Venues

The parties do not dispute that this case could have been brought in the Southern District of New York or the Eastern District of Texas.  DietGoal contends that this suit could be brought in the Eastern District of Virginia, and Time "[does] not contest jurisdiction in the EDVA for purposes of this case . . . ."  (Dkt. No. 57.)

### B.  Private Interest Factors

#### 1.  Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis."  *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009).  While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis.  *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide."  *In re Genentech, Inc.*, 566 at 1343.  However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ."  *Id.* at 1343-44.

**Defendant Time Inc.'s Witnesses**

Time's principal place of business is in New York City.  (Mot. at 3.)  Todd Chandler, Amanda Hanes, and Shannon King are employees with technical, marketing or financial knowledge relevant to the accused realsimple.com website.  (*Id.*)  These witnesses are located in New York City.  (*Id.*)  New York City is within the Southern District of New York.

**Plaintiff DietGoal's Witnesses**

Timothy Salmon and Daniel Mitry, the managing members of DietGoal, reside in New York City. Given Time's contention that Mr. Salmon and Mr. Metry have merely acquired the asserted patent in order to bring this suit, they appear to have little relevant evidence to offer as compared to normal "party" witnesses.

**Third Party Witnesses**

*Inventor and Practicing Entity*

Dr. Oliver Alabaster, the inventor of the asserted patent, is a third party witness who resides in Alexandria, Virginia. (Resp. at 9; Mot. at 4.) Dr. Alabaster is also the founder and chief executive officer of DietFit, Inc., the third party entity that practices the asserted patent. DietFit is located in Alexandria, Virginia. (*Id.*) Alexandria is located in the Eastern District of Virginia.

After the Court ordered the parties to submit limited supplemental briefing directed to whether this case could have been brought in the Eastern District of Virginia, Defendant questioned for the first time whether Dr. Alabaster is in fact a third-party witness. (Dkt. No. 57 at 1-2.) The basis for this contention is that DietGoal's initial disclosures identified Dr. Alabaster as a member of DietGoal. DietGoal has submitted evidence showing that it lawyers erred in identifying Dr. Alabaster as a member of DietGoal, and clarified that his only relationship to DietGoal is that he is entitled to royalty payments. (Dkt. Nos. 58 and 59.) The Court accepts DietGoal's representations, and accordingly finds that Dr. Alabaster is properly considered a third-party witness.

*Prosecuting Attorney*

Steven Kelber, the attorney that prosecuted the asserted patent, has an office in Bethesda, Maryland.  (Mot. at 7-8.)  Bethesda is in the District of Maryland.  However, Mr. Kelber is within the subpoena power of the Eastern District of Virginia.

*Prior Art Witnesses*

According to Time, there are 11 relevant prior art U.S. patents and patent applications. All are cited on the face of the asserted patent.  2 of the references list inventors in New York, 2 of the references list inventors in Virginia, and the remaining inventors are in other states or overseas.  (Mot. at 8.)

Time contends that "the technology underlying the accused recipe search feature of the Real Simple Website was originally developed by Time as the "AOL Food Recipe Finder." (Lachow Decl. at 2, Dkt. No. 15-1.)  Gail Horwood, Ira Tau, and Lisa Michurski are former Time employees that continue to work in "New York City or its vicinity."  (*Id.*)  However, there is no explanation of what evidence these witnesses could offer that is material and not cumulative to evidence available from Time's current employees, such as Ms. Hanes (who Time admits has knowledge of the prior development efforts).  (*Id.*)

Finally, Time identifies unspecified employees of Conde Nast as potential prior art witnesses.  The basis for this contention is a declaration by Time's lawyer stating that Epicurious.com may be prior art.  This contention is based upon a May 10, 2000 archived version of Epicurious.com obtained from the Internet Archive.  Conde Nast is presently located in New York City, but Time speculates that Conde Nast's employees knowledgeable with the website as it existed in 2000 were located in New York City, and that they remain at Conde Nast today.

After considering all the evidence relevant to the convenience factor, the Court finds that the convenience of the witnesses weighs slightly more in favor of transferring this case to the Eastern District of Virginia, but also weighs in favor of transferring this case to the Southern District of New York. The Eastern District of Virginia appears to be the most convenient forum for the specifically identified third party witnesses such as Dr. Alabaster and Mr. Kelber. Dr. Alabaster, as an inventor and executive of a practicing entity, appears to be a particularly important third party witness. The Court gives less weight to Time's former employees because there is evidence that current employees can provide testimony regarding the prior development efforts.

### 2. Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). "Time's principal technical, marketing, and financial documentation related to the Real Simple Website is located in New York." (Lachow Decl. at 2, Dkt. No. 15-1.) DietGoal does not identify any particular sources of its own proof. There is likely to be discoverable evidence from Dr. Alabaster and DietFit, which are located in Alexandria, Virginia. Given that the parties do not describe the type or quantity of evidence at any location, the Court finds that this factor should be given less weight. Nonetheless, this factor weighs in favor of transferring this case to the Southern District of New York and the Eastern District of Virginia.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Time's former employees and DietGoal's two members are within the subpoena power of the Southern District of New York. There may be 2 prior art witnesses each within the subpoena power of the Southern District of New York and the Eastern District of Virginia. Dr. Alabaster

(inventor) and Mr. Kelber (prosecuting attorney) are witnesses within the subpoena power of the Eastern District of Virginia.  Neither party has identified any witnesses that are within the subpoena power of the Eastern District of Texas.  The Court finds that this factor weighs in favor of transferring this case to the Southern District of New York and the Eastern District of Virginia.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The Court finds that this factor weighs in favor of transfer to the Eastern District of Virginia.  There are no pending cases involving DietGoal in the Southern District of New York, but at least two other cases have been transferred to the Eastern District of Virginia.

## C. Public Interest Factors

### 1. Local Interest in Having Localized Interests Decided at Home

Time argues that the Southern District of New York has a substantial connection to this case because the Real Simple websites management, content, and editing teams are based there, and DietGoal's members are residents.  The Court observes that the Eastern District of Virginia has a strong localized interest in this case because it is the situs of the inventive activity, and the entity formed to commercialize and practice the invention (DietFit) is presently located in the district.  The Court finds that this factor weighs in favor of transfer to either the Southern District of New York or the Eastern District of Virginia.

### 2. Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Court finds that the remaining public interest factors are neutral.

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that Eastern District of Virginia is a clearly more convenient venue. Accordingly, it is **ORDERED** that this case be transferred to the Eastern District of Virginia.

**SIGNED this 25th day of March, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE