IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC<br><br>          Plaintiff,<br>   v.<br><br>TIME INC.<br><br>          Defendant. | Case 1:13-cv-00466-TSE-IDD |

# [REDACTED]

**MEMORANDUM IN SUPPORT OF DEFENDANT TIME INC'S
MOTION TO TRANSFER VENUE TO THE SOUTHERN
DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 1

II.   PROCEDURAL HISTORY......................................................................................... 2

III.  FACTUAL BACKGROUND...................................................................................... 4

IV.   THIS CASE SHOULD BE TRANSFERRED TO THE
      SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1404(a) ........... 6

      A.   The Case Could Have Been Brought In The Southern District Of New York .......... 6

      B.   Transfer To The Southern District Of New York Would Serve
           The Convenience Of The Witnesses And Parties And The Interests Of Justice. ....... 6

           1.   The Convenience Of The Parties Strongly Favors Transfer .............................. 7

           2.   The Convenience Of The Witnesses Strongly Favors Transfer......................... 8

           3.   The Interests Of Justice Weigh In Favor Of A Transfer.................................. 11

V.    CONCLUSION.................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Acterna, LLC v. Adtech, Inc.*,
   129 F. Supp. 2d 936 (E.D. Va. 1999) ................................................................................ 7

*Adiscov, LLC v. Autonomy Corp.*,
   No. 2:11-cv-20, Dkt. 68 (E.D. Va. June 9, 2011) ........................................................... 10

*Agilent Techs., Inc. v. Micromuse, Inc.*,
   316 F. Supp. 2d 322 (E.D. Va. 2004) ........................................................................ 7, 11

*Augme Techs., Inc. v. Gannett Co.*,
   No. 3:11-cv-282, 2011 WL 3207118 (E.D. Va. July 26, 2011) ..................................... 11

*Bascom Research, LLC v. Facebook, Inc.*,
   No. 1:12-cv-1111, 2012 U.S. Dist. LEXIS 186712 (E.D. Va. Dec. 11, 2012) .............. 10

*Byerson v. Equifax Info. Servs., LLC*,
   467 F. Supp. 2d 627 (E.D. Va. 2006) ...................................................................... 11, 12

*Civix-DDI, LLC v. Loopnet, Inc.*,
   No. 2:12-cv-002, 2012 WL 3776688 (E.D. Va. Aug. 30, 2012) .......................... 7, 9, 13

*Cognitronics Imaging Sys., Inc. v. Recognition Res., Inc.*,
   83 F. Supp. 2d 689 (E.D. Va. 2000) .............................................................................. 13

*Corry v. CFM Majestic*, Inc.,
   16 F. Supp. 2d 660 (E.D. Va.) ....................................................................................... 13

*Heinz Kettler Gmbh & Co. v. Razor USA, LLC*,
   750 F. Supp. 2d 660 (E.D. Va. 2010) .............................................................................. 7

*In re Fusion-IO, Inc.*,
   489 Fed. App'x 465 (Fed. Cir. Dec. 21, 2012) (non-precedential) ................................. 3

*In re Morgan Stanley*,
   417 Fed. App'x 947 (Fed. Cir. Apr. 6, 2011) (non-precedential) ................................. 13

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) ....................................................................................... 2

*Innovative Communs. Techs., Inc. v. Vivox, Inc.*,
   No. 2:12-cv-007, 2012 U.S. Dist. LEXIS 143413 (E.D. Va. Oct. 2, 2012) .................. 13

*Jaffé v. LSI Corp.*,
   874 F. Supp. 2d 499 (E.D. Va. 2012) .................................................................................. 6, 11

*Koh v. Microtek Int'l, Inc.*,
   250 F. Supp. 2d 627 (E.D. Va. 2003) ...................................................................................... 10

*LG Elecs. v. Advance Creative Comp. Corp.*,
   131 F. Supp. 2d 804 (E.D. Va. 2001) ...................................................................................... 11

*NanoEnTek, Inc. v. Bio-Rad Labs.*,
   No. 2:11-cv-247, 2011 WL 6023189 (E.D. Va. Dec. 2, 2011) ......................................... 6, 9, 12

*Pragmatus AV, LLC v. Facebook, Inc.*,
   769 F. Supp. 2d 991 (E.D. Va. 2011) ..................................................................... 6, 7, 12, 13

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................... 6

28 U.S.C. § 1404(a) ....................................................................................................... 1, 6, 14

I.     **INTRODUCTION**

The United States District Court for the Eastern District of Texas, by Magistrate Judge Roy S. Payne, recently ordered the transfer of this patent infringement suit to this District, notwithstanding the fact that neither party sought this forum or had an opportunity to address whether this District is a convenient forum pursuant to 28 U.S.C. § 1404(a).  As demonstrated *infra*, Magistrate Judge Payne's Memorandum Order was based on an incomplete record—for example, it does not reflect important information about the location and convenience of parties and witnesses contained in the Initial Disclosures and other papers filed by the parties in Texas. When that information is considered together with the other relevant evidence under the transfer analysis followed in this District, it is clear that this case should be transferred to the Southern District of New York, where both Defendant Time Inc. ("Time") and Plaintiff DietGoal Innovations, LLC ("DietGoal" or "Plaintiff") are headquartered.

The key facts that render the Southern District of New York "clearly more convenient" than this District include:

- Defendant Time, its witnesses, and its documents are all located in New York City;

- Plaintiff DietGoal's two members reside in New York City and ███████████ ███████████████; and

- Most known third party witnesses are located in or near New York City, including former Time employees who developed the accused technology; and

- The only known witness in this District, the named inventor on the patent, ███ ████████████████████████████████████████████████████████████████ █████████████████████████████████.

The Federal Circuit has made clear that, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d

1194, 1198 (Fed. Cir. 2009). That is the case here. This is a New York City-focused case between two New York City parties with almost exclusively New York City witnesses. It should never have been filed in Texas and should not remain in this District. Because all relevant factors governing transfer weigh strongly in favor of transfer and no such factors favor retaining the case in this District, Time respectfully requests that the Court grant this motion to transfer.

## II.     PROCEDURAL HISTORY

Plaintiff DietGoal Innovations, LLC ("DietGoal" or "Plaintiff") first filed suit alleging patent infringement against forty-seven (47) defendants in the Eastern District of Texas on September 15, 2011. (E.D. Tex. Case No. 2:11-cv-418 (hereafter the "First Case").) Time was not one of the defendants in the First Case. Many of those defendants promptly sought transfer, including several New York-based companies seeking transfer on January 13, 2012 to the Southern District of New York. (*Id*. at Dkt. 287, 292, 307 (motions by Wegmans Food Markets, Heart Communications, Daily Burn, Television Food Network, and IAC Interactive Corp.).)

On April 3, 2012, DietGoal attempted to add to its First Case over a dozen new defendants, including Time, but the Court refused to permit this. (*Id*., Dkt. 445.) DietGoal then proceeded to file new separate lawsuits against those additional targets, including Time, on June 13, 2012. (*See E.D. Tex.* Case Nos. 2:12-cv-327 to 2:12-cv-340.) Time, along with several other newly-sued New York-based defendants, quickly moved to transfer their cases to the Southern District of New York, Time's motion being filed on August 8, 2012. (Dkt. 15.)[1] On October 16, 2012, the newly added defendants appeared as ordered at a scheduling conference, where the Court consolidated all *DietGoal* cases (the First case and all later cases) for discovery and claim construction, despite the fact that many defendants had transfer motions pending. (Dkt. 27.)

---

[1] Unless otherwise indicated, references to Docket entries (Dkt.) mean those documents in this case file, which includes the documents that were filed when the case was in the Eastern District of Texas.

2

Three months later, on January 13, 2013, a number of the *DietGoal* cases, including the ones against Time and many other New York-based defendants, were reassigned from District Judge Michael Schneider to District Judge Rodney Gilstrap (and Magistrate Judge Roy Payne). (Eastern District of Texas, General Order 13-3.) On January 24, 2013, Time and other defendants moved to stay their cases until such time that the Court decided the transfer motions, which by then had been pending for between four and twelve months. (Dkt. 44.) The basis for the motion to stay was that discovery and claim construction were moving forward in an inconvenient forum while the transfer motions were still pending, a dilemma that had been recently criticized by the Federal Circuit.[2]

On February 28, 2013, Magistrate Judge Payne issued the first order on the pending transfer motions, transferring the case against New York-based Wegmans to this District; that case has been assigned to Judge Jackson in Norfolk. (*See* E.D. Va. Case No. 2:13-cv-00154-RAJ-TEM.) Magistrate Judge Payne then likewise transferred the following cases involving New York-based companies to this District: cases against Time and Scripps Networks on March 25, 2013; the case against Bravo Media, LLC on April 9; and the case against Meredith Corp. on April 15. The Memorandum Order transferring the case against Time is now Docket No. 61 in this case and is attached as Exhibit 1 to this motion. In that Order, the Magistrate Judge found that no factors supported retaining the case in Texas. (Exhibit 1, at 3-7.) But, while he found most factors also favored the Southern District of New York, the Magistrate Judge *sua sponte* rejected that proposed venue in favor of this District on the slim basis that the named inventor on the asserted patent is located here and the prosecuting attorney lives in Maryland. (*Id*. at 5-6.)

---

[2] *See, e.g., In re Fusion-IO, Inc.*, 489 Fed. App'x 465, 466 (Fed. Cir. Dec. 21, 2012) (non-precedential) ("We fully expect, however, for Fusion-IO to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action.").

3

Neither DietGoal nor any of the New York-based defendants had raised this District as an appropriate or convenient forum in any of the briefing of the transfer motions, and thus never had any reason or opportunity to brief the question of whether the Southern District of New York is "clearly more convenient" than this District. Instead, on February 26, 2013, just before issuing the transfer orders, Judge Payne had asked for and only permitted a two-page brief from each party on the sole issue of whether the cases could have been originally filed in this District (but not whether this District was convenient for the parties and witnesses involved). (Dkt. Entry for 2/26/2013.)

It appears that Magistrate Judge Payne has decided to transfer each of the DietGoal cases against New York-based defendants to this District.[3] Wegmans has already filed a motion to transfer its case from this District to its home district in New York. (*See* E.D. Va. Case No. 2:13-cv-00154-RAJ-TEM, Dkt. 48-49.) Bravo and Meredith, which are also represented by the undersigned counsel, expect to file similar motions to this one seeking transfer to the Southern District of New York as soon as their cases are docketed in this District.

### III. FACTUAL BACKGROUND

DietGoal alleges that Time infringes U.S. Patent No. 6,585,516 ("the '516 Patent") "by making and/or using in the United States computer implemented website http://browse.realsimple.com/results.html which has a computerized meal planning interface at http://www.realsimple.com/food-recipes/index.html." (Dkt. 1, at ¶ 8.)

Time has substantial connections to the Southern District of New York. Time's principal place of business is in New York City. (Declaration of Andrew Lachow, ¶ 2.) Likewise, Time's

---

[3] In addition to the cases against Wegmans, Scripps, Time, Bravo, and Meredith that have already been transferred here, there are still transfer motions filed by New York-based Hearst Communications, Daily Burn, and IAC Interactive Corp. pending before Judge Payne in Texas. There is no reason to believe their motions will receive any different result than transfer to this District.

4

documents and witnesses are located there.  (*Id.*, ¶¶ 4-6.)  For example, some of Time's New York-based employees who have technical, marketing, or financial information regarding the accused www.realsimple.com webpage include (1) Todd Chandler, (2) Amanda Hanes, (3) Kevin Heery, (4) Deb Curtis, (5) Sherry Wolfe, and (6) LeeAnne Baer.  (*Id.* ¶¶ 5-6.)  In contrast, Time has no employees, no witnesses, and no documents relating to the accused www.realsimple.com webpage in this District.  (*Id.*, ¶ 7.)  In addition, a number for Time <u>former</u> employees who are located in New York City likely have relevant information.  The accused www.realsimple.com recipe search page utilizes technology that was developed by Time years ago and called the AOL Food Recipe Finder.  (*Id.*, ¶ 6.)  The design and development of that AOL Food Recipe Finder website occurred in New York City and included a number of people who are no longer employed by Time, including Gail Horwood, Ira Tau, and Lisa Michurski, all of whom work in New York City.  (*Id.*; *see also* Exhibits 8-10.)

     DietGoal is incorporated in Texas, but DietGoal has admitted that its ████████████ ███████████████████████████████.  (Exhibit 2, at 6.)  The sole two members of DietGoal (Daniel Mitry and Timothy Salmon) likewise reside in New York City, ████████████ ███████████████████████████████████ (*Id.* at 1.)  DietGoal has also insisted that depositions of the company pursuant to Rule 30(b)(6) occur there, even recently filing a motion for a protective order to require that the deposition be in New York City instead of Texas.  (*Id.*)

     The named inventor on the '516 Patent, Oliver Alabaster, resides in Alexandria, Virginia.  (*See* Exhibit 4, at 6.)  However, ██████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

5

## IV.  THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1404(A)

A district court may transfer a civil action to any other district where the action might originally have been brought if doing so would serve the convenience of the parties and witnesses and the interests of justice.  28 U.S.C. § 1404(a).  A court deciding a motion to transfer under § 1404(a) performs a two-step analysis: first, it addresses the threshold issue of whether the case might originally have been brought in the proposed transferee district; second, it determines whether transferring the case would serve the convenience of the parties and witnesses and the interests of justice.  *Jaffé v. LSI Corp.*, 874 F. Supp. 2d 499, 502 (E.D. Va. 2012); *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 994 (E.D. Va. 2011).

### A.  The Case Could Have Been Brought In The Southern District Of New York

A plaintiff alleging patent infringement may lay venue in any "district where the defendant resides."  28 U.S.C. § 1400(b).  Time is a Delaware Corporation with its headquarters in New York City, which is in the Southern District of New York.  (Lachow Decl. ¶ 2.)  Plaintiff could therefore have originally brought this action in the Southern District of New York.  *See NanoEnTek, Inc. v. Bio-Rad Labs.*, No. 2:11-cv-247, 2011 WL 6023189, at *2 (E.D. Va. Dec. 2, 2011).

### B.  Transfer To The Southern District Of New York Would Serve The Convenience Of The Witnesses And Parties And The Interests Of Justice

To determine whether transferring a case would serve the goals of convenience and justice, this Court considers four factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice."  *Pragmatus*, 769 F. Supp. 2d at 995 (*quoting Heinz Kettler Gmbh & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660,

6

667 (E.D. Va. 2010)).  As plaintiff DietGoal did not choose this venue, factor (1) is not relevant here.  As shown below, analysis of the other three factors demonstrates that transfer to the Southern District of New York is clearly warranted.

### 1. The Convenience Of The Parties Strongly Favors Transfer

It is much more convenient for Time to litigate this action in its home district than in the Eastern District of Virginia. Time's principal place of business is in the Southern District of New York.  (Lachow Decl., ¶ 2.)  Time manages the development and operation of the accused www.realsimple.com recipe search webpage in its offices in New York.  (*Id.*, ¶ 4.)  Time's party witnesses regarding the accused webpage are in New York City as well, including at least six specific employees:  Todd Chandler, Amanda Hanes, Kevin Heery, Deb Curtis, Sherry Wolfe, and LeeAnne Baer.  (*Id.*, ¶¶ 2, 5, 6.)  Indeed, all Time witnesses and documents relevant to the development, operation, marketing, and financial performance of the webpage at issue in the suit are located in the Southern District of New York, (*id.* at ¶¶ 2, 4-6), a fact that weighs heavily in favor of transfer.  *See Pragmatus*, 769 F. Supp. 2d at 995-96 (finding this factor to strongly favor transfer to the Northern District of California when defendants' headquarters were located in that district).  Time's convenience weighs particularly strongly in favor of transfer because "in patent infringement cases, the preferred forum is generally 'the center of accused activity,'" which here is New York City.  *Civix-DDI, LLC v. Loopnet, Inc.*, No. 2:12-cv-002, 2012 WL 3776688, at *3 (E.D. Va. Aug. 30, 2012) (*quoting Acterna, LLC v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 1999) and *citing Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 326 (E.D. Va. 2004)).

The Southern District of New York is also more convenient for Plaintiff DietGoal.  DietGoal recently represented to the Court in Texas in a related case that ▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ (Exhibit 2, at 1, 6.) DietGoal feels so strongly about the convenience of New York, and the inconvenience of other locations, that it filed a motion for a protective order insisting that the only proper location for depositions of DietGoal is New York City and requesting that the Court ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ (*Id.* at 1, 6-7).[4]

Given that the Southern District of New York is the principal place of business of <u>both</u> parties, the "convenience of the parties" factor points exclusively to that district.

### 2.   The Convenience Of The Witnesses Strongly Favors Transfer

As noted above, New York City is the "center of accused activity" given that it is where Time's accused www.realsimple.com recipe search webpage was developed and is operated. It is also the location of all of the witnesses with relevant information regarding that accused webpage. Those witnesses include at least six current Time employees (Todd Chandler, Amanda Hanes, Kevin Heery, Deb Curtis, Sherry Wolfe, and LeeAnne Baer) who have knowledge regarding the development, technical operation, marketing, and financial results of the accused webpage, as well as at least three Time <u>former</u> employees (Gail Horwood, Ira Tau, and Lisa Michurski) who were part of the original development team.[5]  (Lachow Decl., ¶¶ 4-6.)

---

[4] In that Motion for Protective Order, DietGoal also represented the following to the Texas Court: ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ (Exhibit 2, at 7.)  In contrast, in previous submissions to the Texas Court, DietGoal had relied on the fact that DietGoal is incorporated in Texas to support its choice of a Texas venue, even suggesting that it conducted business there (when it was in its interest to make that suggestion). (*See, e.g.*, Exhibit 7, at 23 ("Although DietGoal is newly incorporated, there is no indication that its business will not or cannot grow and mature here").)  Between these inconsistent positions that DietGoal has taken to persuade the Texas Court to rule on different motions, its most recent filing seeking to require depositions to occur in New York City clearly supports transfer to the Southern District of New York.

[5] As the three former Time employees are third parties, are beyond the subpoena power of this Court, and have no interest in this lawsuit (as opposed to Dr. Alabaster), their convenience should be given considerable weight.  *See NanoEnTek*, 2011 WL 6023189, at *6 ("Courts afford greater weight to the convenience of nonparty witnesses."); *Civix-DDI*, 2012 WL 3776688, at *4.

In its First Amended Initial Disclosures, filed on March 6, 2013 in the Texas Court, DietGoal identifies three witnesses likely to have discoverable information. (Exhibit 4, at 6.) Two of the listed witnesses are the principals of DietGoal—Daniel Mitry and Timothy Salmon—both of whom reside in New York City according to DietGoal. (Exhibit 2, at 1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)[6] In the related case against *Tyson*, DietGoal insists that the corporate deposition of DietGoal pursuant to Rule 30(b)(6) occur in New York because of Mr. Mitry's and Mr. Salmon's presence there. (*Id*. at 7.)

The only other witness identified by DietGoal in its First Amended Initial Disclosures is named inventor Oliver Alabaster. (Exhibit 4, at 6). Although Dr. Alabaster resides in Alexandria, Virginia, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[7] Thus, Mr. Alabaster's convenience should not be given more weight than the eight party witnesses (six at Time and two at DietGoal) and three third party witnesses located in New York City (and arguably should be given less).

---

[6] As it has with the location of DietGoal's headquarters, DietGoal has taken inconsistent positions about where its two members reside. In its earlier First Amended Initial Disclosures, DietGoal had asserted that Mr. Salmon resides in Basking Ridge, New Jersey. (Exhibit 4, at 6.) However, DietGoal's most recent filing, its motion for a protective order to require a deposition of DietGoal to take place in New York City, confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Exhibit 2, at 7.) Again, DietGoal's most recent position clearly supports transfer to the Southern District of New York.

[7] Magistrate Judge Payne did not have an opportunity to consider these facts regarding the convenience of New York versus this District for Dr. Alabaster because (a) neither party ever suggested this District as a convenient forum in the motion briefing, and (b) the agreement between DietGoal and Dr. Alabaster was not produced until after the motion to transfer was fully briefed.

9

Finally, one other witness was originally identified by Time in its initial disclosures: patent prosecution attorney Steven Kelber of Bethesda, Maryland. (Exhibit 3, at 4.) However, since Time provided its initial disclosures, Mr. Kelber has indicated in writing that he has no responsive documents of any kind in response to a subpoena served upon him by Time. (Exhibit 6.) Thus, given his apparent lack of information, Time is highly unlikely to involve Mr. Kelber in this case. And, DietGoal did not identify him in its own initial disclosures, so it does not appear to consider him a likely witness either. (Exhibit 4, at 6.)

Separate from all the good reasons listed above to limit the consideration of Dr. Alabaster and Mr. Kelber, courts in this District frequently transfer cases to the district where the accused product was designed and developed despite inventors and prosecuting attorneys being located in this and adjacent districts. *See Bascom Research, LLC v. Facebook, Inc.*, No. 1:12-cv-1111, 2012 U.S. Dist. LEXIS 186712 at * 5 (E.D. Va. Dec. 11, 2012) (granting motion to transfer to the Northern District of California despite a prosecuting attorney located in Washington, D.C. and co-inventors located in this District and the District of Maryland); *Adiscov, LLC v. Autonomy Corp.*, No. 2:11-cv-201, Dkt. 68, slip op. at 9 (E.D. Va. June 9, 2011) (even where "the inventor of the [patent-in-suit] and the patent's prosecuting attorney" reside in this District, "the principle remains the same: the overwhelming majority of the sources of proof in this case, both documentary and testimonial, are in the Northern District of California"); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 638 (E.D. Va. 2003) (transferring to the Central District of California despite the location of the plaintiff and inventors in Maryland).

A review of all the relevant witnesses shows that the Southern District of New York would be more convenient for at least <u>eleven witnesses</u>: all six Time party witnesses, both DietGoal party witnesses, and at least three former Time employees likely having relevant

10

knowledge.  Further, because both parties and their principal places of business are in New York, any additional employees whose knowledge might become relevant as the case progresses would almost certainly be in New York as well.  *See LG Elecs. v. Advance Creative Comp. Corp.*, 131 F. Supp. 2d 804, 814 (E.D. Va. 2001) (granting transfer and finding that the "majority of officers and employees" that would be witnesses and "the vast majority of any potentially relevant documents regarding allegedly infringing activities" would be in the transferee forum).; *see also Augme Techs., Inc. v. Gannett Co.*, No. 3:11CV282–HEH, 2011 WL 3207118, at *3 (E.D. Va. July 26, 2011) ("The more important question is 'where the majority of the witnesses and evidence is located.'") (quoting *Agilent*, 316 F. Supp. 2d at 327 n.3).  In contrast, only one identified witness (Dr. Alabaster) is within this District, and not only does he ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Given the overwhelming majority of witnesses located in New York, the "convenience of the witnesses" factor strongly favors transfer to the Southern District of New York.

### 3. The Interests Of Justice Weigh In Favor Of A Transfer

"The interests of justice factor 'encompasses public interest factors aimed at systemic integrity and fairness.'"  *Jaffé*, 874 F. Supp. 2d at 505 (*quoting Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)).  "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law."  *Id*.

The most prominent of the interests of justice for this case are the interests in "having local controversies decided at home" and in only burdening jurors in the district with the

strongest connection to the controversy. *Id*. at 506. These concerns are extremely important in this case, which is clearly a New York City-focused controversy. While this District may have some limited secondary interest as the location where the named inventor resides, the Southern District of New York has a much greater interest, given that it is: (a) the home of both parties, (b) the location of almost all witnesses (including both parties and third parties), and (c) the center of the allegedly infringing activity. *See*, *e.g.*, *id.* at 506 (given that neither party was located in this District and the accused activity was located at the defendant's headquarters in Silicon Valley, "it is undoubtedly more fair to burden jurors in the NDCA rather than Richmond"); *NanoEnTek,* 2011 WL 6023189, at *7 (finding local interest favored transfer where the citizens of this District had no special interest in the case's outcome and the location of the defendant and its accused activity was in California). It would be unfair to place the burden of jury duty on those in this District when the controversy is almost entirely one involving citizens of New York. This local dispute should be decided in New York, if anywhere, and the interests of justice thus strongly favor transfer to the Southern District of New York.

Evaluation of the "interests of justice" also involves "the pendency of a related action; the court's familiarity with the applicable law; docket conditions; access to premises that might have to be viewed; the possibility of unfair trial; the ability to join other parties; and the possibility of harassment." *Pragmatus*, 769 F. Supp. 2d at 996. Most of these considerations are not relevant to this lawsuit. As for docket conditions, courts in this District have continually rejected that factor as a reason to maintain venue when other factors favor transfer: "This Court cannot stand as a willing repository for cases which have no real nexus to this district." *CIVIX-DDI*, 2012 WL 3776688, at *7 (*quoting Cognitronics Imaging Sys., Inc. v. Recognition Res., Inc.*, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000)); *see also Corry v. CFM Majestic*, Inc., 16 F. Supp. 2d 660,

667 n.17 (fact that "cases generally proceed to trial faster in [the Eastern District of Virginia] than in Indiana . . . is not given great weight"); *Pragmatus*, 769 F. Supp. 2d at 997 (finding that the docket speed does <u>not</u> favor retaining a case "with such a minimal connection to the district" because allowing such cases "to go forward here would result in docket overloads, unfairly slowing the cases for parties with genuine connections to this district").  Further, the Federal Circuit has confirmed that time to trial due to docket congestion is far less important for an entity such as DietGoal that does not practice the patent.  *In re Morgan Stanley*, 417 Fed. App'x 947, 950 (Fed. Cir. Apr. 6, 2011) (non-precedential).

Finally, the "pendency of a related action" consideration also is neutral here.  The reasons to consider the pendency of related cases—such as litigation efficiencies and avoidance of duplicative litigation—apply when litigation of related claims is in "the same tribunal." *Innovative Communs. Techs., Inc. v. Vivox, Inc.*, No. 2:12-cv-007, 2012 U.S. Dist. LEXIS 143413, at *19 (E.D. Va. Oct. 2, 2012).  The DietGoal cases are already spread out among many different judicial districts and judges.  In Texas, Judge Schneider is assigned to a multi-defendant case known as the '418 case, while Judge Gilstrap is assigned to numerous individual defendant cases.  (*See* Dkt. 45 and E.D. Tex. General Order 13-3.)  In this District, Judge Jackson is assigned to the *Wegmans* case (2:13-cv-00154-RAJ-TEM), and Judge Lee is assigned to the *Scripps* case (1:13-cv-00465-GBL-TRJ), and two additional cases have yet to be docketed.  One DietGoal case was also transferred to the Western District of Oklahoma.  (*See* E.D. Tex. Case No. 2:2012-cv-336.)  Clearly, there is no one tribunal where all DietGoal cases can be heard.  Furthermore, each of the cases transferred so far to this District involve, like this one, both a New York plaintiff and a New York defendant, and it is very likely that most, if not all, of these New York defendants will seek to have their cases transferred to New York.  Transfer of all of

13

these cases to New York would be no less favorable for this factor than retaining them all in this District.

In sum, the interests of justice strongly favor having this New York dispute decided in New York and only burdening jurors there. Any other considerations are neutral, and no such considerations favor retaining this case in this District.

## V.    CONCLUSION

Each of the relevant factors strongly supports transfer to the Southern District of New York while no factor favors retaining the case in this District. These factors favoring transfer include convenience of the two New-York based parties, convenience of the overwhelming majority of the party and third party witnesses who are employed in or reside in or near New York City, and the distinct and weighty interest of New York in the resolution of this dispute between two companies located there. Put simply, this lawsuit is a local dispute centered on New York City and should be resolved there. Accordingly, Time respectfully requests that the Court transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

**TIME INC.**

By:   _____/s/_____
Robert A. Angle, VSB #37691
Dabney J. Carr, IV, VSB #28679
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

J. Christopher Carraway (OR No. 961723)
*Pro hac vice* pending
**KLARQUIST SPARKMAN, LLP**

121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301
christopher.carraway@klarquist.com

15

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of April, 2013, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system.  A copy of the foregoing will also be sent by email to the following:

      Christopher M. Joe
      Chris.Joe@BJCIPLaw.com
      Eric W. Buether
      Eric.Buether@BJCIPLaw.com
      Brian A. Carpenter
      Brian.Carpenter@BJCIPLaw.com
      Niky Bukovcan
      Niky.Bukovcan@BJCIPLaw.com
      Buether Joe and Carpenter, LLC
      1700 Pacific Avenue
      Suite 4750
      Dallas, Texas 75201


      By:      _____/s/_____
      Robert A. Angle, VSB #37691
      Dabney J. Carr, IV, VSB #28679
      **TROUTMAN SANDERS LLP**
      P. O. Box 1122
      Richmond, Virginia 23218-1122
      Telephone: (804) 697-1200
      Facsimile: (804) 697-1339
      robert.angle@troutmansanders.com
      dabney.carr@troutmansanders.com