**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC, | |
| *Plaintiff,* | |
| v. | Civil Action No. 2:13-cv-00252-RAJ-LRL |
| TIME, INC, | |
| *Defendant.* | |

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S OPPOSITION TO DEFENDANT TIME, INC.'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(A)**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. PROCEDURAL BACKGROUND ...................................................................................... 3

III. ARGUMENT ......................................................................................................................... 5

    A. RULE 72 OF THE FEDERAL RULES OF CIVIL PROCEDURE PRECLUDES TIME FROM CHALLENGING THE TEXAS MAGISTRATE JUDGE'S TRANSFER ORDER ................................................... 5

    B. TIME'S SECOND TRANSFER MOTION IS PRECLUDED BY THE LAW OF THE CASE DOCTRINE ........................................................................ 6

        1. The Law of the Case Doctrine Precludes Reversal of a Prior Transfer Decision Unless It was Clearly Erroneous and would Work a Manifest Injustice ............................................................................. 6

        2. The Eastern District of Texas Magistrate Judge's Transfer Decision Was More Than Plausible and Not Clearly Erroneous ................ 9

    C. TIME'S MOTION TO TRANSFER SHOULD BE DENIED GIVEN THE PENDENCY OF OTHER RELATED CASES IN THIS DISTRICT ................... 12

IV. CONCLUSION ................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

*Arizona v. California*,
    460 U.S. 605 (1983)..................................................................................................6, 7, 8

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988)........................................................................................................7, 8

*Cole v. United States Dist. Court for the Dist. of Idaho*,
    366 F.3d 813 (9th Cir. 2004) ...........................................................................................5, 6

*Gulf Research & D. Co. v. Schlumberger Well Sur. Corp.*,
    98 F. Supp. 198 (D. Del.), *mandamus denied sub nom.*
    *Gulf Research & Development Co. v. Leahy*, 193 F.2d 302 (3d Cir. 1951),
    *aff'd by an equally divided Court*, 344 U.S. 861 (1952)..................................................8, 9

*Hamilton v. Geithner*,
    2009 U.S. Dist. LEXIS 49987 (E.D. Va. June 15, 2009) .......................................................8

*Hayman Cash Register Co. v. Sarokin*,
    669 F.2d 162 (3d Cir. 1982)............................................................................................7, 8

*Hoffman v. Blaski*,
    363 U.S. 335 (1960).............................................................................................................8

*Innovative Communs. Techs., Inc. v. Vivox, Inc.*,
    2012 U.S. Dist. LEXIS 143413 (E.D. Va. Oct. 2, 2012)............................................12, 13

*Montana v. United States*,
    440 U.S. 147 (1979).............................................................................................................7

*Moon v. Harrison Piping Supply*,
    465 F.3d 719 (6th Cir. 2006) ................................................................................................6

*Pragmatus AV, LLC v. Facebook, Inc.*,
    769 F. Supp. 2d 991 (E.D. Va. 2011) .................................................................................13

*Skil Corp. v. Millers Falls Co.*,
    541 F.2d 554 (6th Cir.), *cert. denied*, 429 U.S. 1029 (1976)............................................7, 9

*United States v. Lentz*,
    384 F. Supp. 2d 934 (E.D. Va. 2005) ...................................................................................8

*Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*,
    2013 U.S. Dist. LEXIS 31626 (E.D. Va. Mar. 6, 2013) ............................................................12

*Walker v. S.W.I.F.T. SCRL*,
    2007 U.S. Dist. LEXIS 77803 (E.D. Va. 2007) ........................................................................8

**Statutes**

28 U.S.C. § 636 ................................................................................................................... 1, 4, 5

28 U.S.C. § 1404 ............................................................................................................ 1, 7, 10, 12

28 U.S.C. § 1406 ............................................................................................................................ 7

FED. R. CIV. P. 72 .................................................................................................................1, 5, 6, 13

Plaintiff DietGoal Innovations LLC ("DietGoal") files this opposition to the Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 71-72) filed by Defendant Time , Inc. ("Time").

## I.     INTRODUCTION

Time's motion to transfer should be denied because it is precluded pursuant to Rule 72 of the Federal Rules of Civil Procedure and the law of the case doctrine.

In September 2012, Time filed a motion to transfer this action when it was pending in the Eastern District of Texas.  On April 9, 2013, the Magistrate Judge presiding over this case in the Eastern District of Texas issued an order transferring the case to this Court.  Time did not seek reconsideration of the Magistrate Judge's order by the district judge pursuant to 28 U.S.C. § 636(b)(1)(A).  Now, after the case has been transferred to this Court pursuant to the Texas Magistrate Judge's order, Time has filed another motion to transfer.  Rule 72 of the Federal Rules of Civil Procedure precludes reconsideration of the Eastern District of Texas Magistrate Judge's transfer order because Time failed to seek reconsideration of that order pursuant to 28 U.S.C. § 636(b)(1)(A).  The law of the case doctrine also precludes reconsideration of the order because Time has not shown that the order was clearly erroneous or would work a manifest injustice, as required by well-established "law of the case" precedent.

Specifically, Rule 72 provides that a party has 14 days to serve and file objections to a magistrate judge's order deciding a nondispositive motion and that "a party may not assign as error a defect in the order not timely objected to."  It is undisputed that Time did not file any objections to the Texas Magistrate Judge's order transferring this case to this Court.  Thus, Time is now barred from challenging that order in this Court.

Moreover, the record establishes that the Texas Magistrate Judge's transfer order is more than plausible and is not clearly erroneous and, therefore, cannot be challenged in this Court pursuant to the law of the case doctrine. The Texas Magistrate Judge pointed out that the convenience of the witnesses favored transferring this case to the Eastern District of Virginia because the inventor and patent prosecution attorney as well as two third party witnesses knowledgeable about prior art were located in or near this District. The Texas Magistrate Judge's order also emphasized that, at the time, at least two other cases have been transferred to the Eastern District of Virginia and no DietGoal cases were pending in the Southern District of New York. The number of DietGoal cases now pending in this District is five. Furthermore, the Texas Magistrate Judge observed that the Eastern District of Virginia has a strong localized interest in this case because "it is the situs of the inventive activity, and the entity formed to commercialize and practice the invention (DietFit) is presently located in the district." Thus, the Texas Magistrate Judge concluded that, "[a]fter considering all of the record evidence and weighing the various factors, the Court finds that the Eastern District of Virginia is a clearly more convenient venue." The Texas Magistrate Judge's transfer decision, therefore, is supported by the record and without a doubt plausible.

Time's motion to transfer filed with this Court is merely an improper attempt to reargue its previous transfer motion filed in Eastern District of Texas and decided by that court. Time does not point to any new evidence not previously available to it showing that the Texas Magistrate Judge's transfer order was clearly erroneous and not plausible. The Texas Magistrate Judge fully considered all of Time's evidence but nevertheless concluded that the Eastern District of Virginia was the most convenient forum for litigating this case.

Thus, because Time did not seek reconsideration of the Texas Magistrate Judge's order in Texas and has failed to establish that the Texas Magistrate Judge's transfer order is not plausible and is clearly erroneous, this Court should not disturb the Texas Magistrate Judge's transfer order.

## II.  PROCEDURAL BACKGROUND

On June 13, 2012, DietGoal filed its complaint against Time asserting that it has infringed U.S. Patent No. 6,585,516 ("the `516 patent"). *See* Dkt. No. 1.  On August 8, 2012, Time filed a motion to transfer venue of the action against it to the Southern District of New York. *See* Dkt. No. 15.  The Eastern District of Texas district court judge designated Magistrate Judge Roy Payne to decide Time's motion.

On February 26, 2013, the Texas Magistrate Judge issued an order requesting the parties to submit briefs regarding the viability of the possible transfer of this case to the Eastern District of Virginia.  *See* Exhibit A.  The parties submitted these briefs in early March 2013.  *See* Dkt. Nos. 56 and 57.  Time's supplemental brief fully argued the issue of whether the case should be transferred to the Eastern District of Virginia or the Southern District of New York.  *See* Dkt. No. 57.

On March 25, 2013, the Texas Magistrate Judge issued a memorandum order transferring this action to the Eastern District of Virginia.  *See* Dkt. No. 61.  The Magistrate Judge's order found that, "[a]fter considering all of the record evidence and weighing the various factors, the Court finds that the Eastern District of Virginia is a clearly more convenient venue that has superior connections to this case as compared to either venue proposed by the parties." *Id.* at 1. Regarding the convenience of the parties and witnesses, the Court pointed out that:

> After considering all the evidence relevant to the convenience factor, the Court finds that the convenience of the witnesses weighs slightly more in favor of

> transferring this case to the Eastern District of Virginia, but also weighs in favor of transferring this case to the Southern District of New York. The Eastern District of Virginia appears to be the most convenient forum for the specifically identified third party witnesses such as Dr. Alabaster and Mr. Kelber. Dr. Alabaster, as an inventor and executive of a practicing entity, appears to be a particularly important third party witness. The Court gives less weight to Time's former employees because there is evidence that current employees can provide testimony regarding the prior development efforts.

Dkt. No. 61 at 6. The Texas Magistrate Judge further observed that "[t]here is likely to be discoverable evidence from Dr. Alabaster and DietFit, which would be located in Alexandria, Virginia." *Id*. The Texas Magistrate Judge also observed that "[t]here may be two prior art witnesses each within the subpoena power of the Southern District of New York and the Eastern District of Virginia. Dr. Alabaster (inventor) and Mr. Kelber (prosecuting attorney) are witnesses within the subpoena power of the Eastern District of Virginia." *Id*. at 6-7. The Texas Magistrate Judge emphasized that "[t]here are no pending cases involving DietGoal in the Southern District of New York, but at least two other cases have been transferred to the Eastern District of Virginia. *Id*. at 7.[1] The Texas Magistrate Judge further observed that "the Eastern District of Virginia has a strong localized interest in this case because it is the situs of the inventive activity, and the entity formed to commercialize and practice the invention (DietFit) is presently located in the district." *Id*. The Texas Magistrate Judge concluded that, "[a]fter considering all of the record evidence and weighing the various factors, the Court finds that the

---

[1] There are now five DietGoal cases pending in the Eastern District of Virginia: *DietGoal Innovations LLC v. Bravo Media LLC;* Eastern District Virginia, Alexandria Division; No. 1:13-cv-522-CMH-IDD; *DietGoal Innovations LLC v. Meredith Corporation.;* Eastern District Texas, No. 2:12-cv-332 [transfer order issued on April 15, 2013 and official transfer occurred on May 13, 2013]; *DietGoal Innovations LLC v. Scripps Networks, LLC d/b/a Food.com.;* Eastern District Virginia, Alexandria Division; No. 1:13-cv-465-TSE-IDD [this action is in the process of being settled]; *DietGoal Innovations LLC v. Time Inc.;* Eastern District Virginia, Norfolk Division, No. 1:13-cv-252-RAJ-LRL; and *DietGoal Innovations LLC v. Wegmans Food Market, Inc.;* Eastern District Virginia, Norfolk Division, No. 2:13-cv-00154-RAJ-TEM.

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S OPPOSITION TO DEFENDANT TIME, INC.'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(A)**                    **Page 4**

Eastern District of Virginia is a clearly more convenient venue." *Id*. at 8. Time did not seek reconsideration of the Magistrate Judge's transfer decision pursuant to 28 U.S.C. § 636(b)(1)(A).

On April 17, 2013, this action was formally transferred to this Court. On April 29, 2013, Time filed another motion to transfer again seeking a transfer of this action to the Southern District of New York. Dkt. Nos. 67-68.

### III.   ARGUMENT

**A.   RULE 72 OF THE FEDERAL RULES OF CIVIL PROCEDURE PRECLUDES TIME FROM CHALLENGING THE TEXAS MAGISTRATE JUDGE'S TRANSFER ORDER**

Rule 72 of the Federal Rules of Civil Procedure provides as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  **A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to**.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72 (emphasis added).

It is uncontested that the Texas Magistrate Judge issued his transfer order on March 25, and that Time could have, but did not, move for reconsideration of the magistrate judge's ruling with the district court pursuant to 28 U.S.C. § 636(b)(1)(A). Thus, Time cannot now seek reconsideration of the Texas Magistrate Judge's transfer order pursuant Rule 72. *See, e.g.*, *Cole v. United States Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 818 (9th Cir. 2004) ("failure to seek reconsideration before the district court of a magistrate judge's non-dispositive order is a forfeiture of the claim"). In *Cole*, the party challenging the magistrate's order argued that, because they had not sought reconsideration of the order, and the time period for seeking such reconsideration had elapsed pursuant to FED. R. CIV. P. 72(a), they were left without an adequate

means to seek the relief desired. The Ninth Circuit rebuffed this argument, declaring that "[w]e reject any notion that a petitioner has no adequate means to seek relief when the petitioner chose not to pursue then-available relief that has now become time-barred." *Id*. *See also Moon v. Harrison Piping Supply*, 465 F.3d 719, 725 (6th Cir. 2006) (determining that a party's failure to timely object to an order regarding the filing of a second amended complaint meant not only that the issue was not properly before the district court, but also that the Sixth Circuit lacked jurisdiction to review the order); *Minter v. Liberty Mut. Fire Ins. Co.*, 2012 U.S. Dist. LEXIS 174270 at *3-4 (W.D. Ky. Dec. 10, 2012) ("Because Liberty Mutual did not file a timely objection to the court's June order, it cannot now circumvent Rule 72(a) by filing untimely objections in the guise of a motion for a protective order. The June 25, 2012, order stands, and the untimely objection is overruled."); C. Wright and A. Miller, 12 *Fed. Prac. & Proc. Civ.* § 3069 (2d ed.) ("Should a party fail to make timely objections, it has no right to review by the district judge of the action taken by the magistrate judge.").

### B.   TIME'S SECOND TRANSFER MOTION IS PRECLUDED BY THE LAW OF THE CASE DOCTRINE

#### 1.   The Law of the Case Doctrine Precludes Reversal of a Prior Transfer Decision Unless It was Clearly Erroneous and would Work a Manifest Injustice

Time's second motion to transfer asks this Court to reconsider and reverse the decision of the Magistrate Judge in the Eastern District of Texas transferring this case to this Court. The law of the case doctrine, however, precludes Time from seeking to overturn the Magistrate Judge's previous transfer decision absent extraordinary circumstances, which Time has not presented.

"As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983) (dictum). "This rule

of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-816 (1988) (quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice P0.404[1], p. 118 (1984)). Thus, the law of the case doctrine precludes "parties from contesting matters that they have had a full and fair opportunity to litigate (and) protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Although a court has the power to revisit prior decisions of its own or of a coordinate court, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson*, 486 U.S. at 816 (citing *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 164-170 (3d Cir. 1982) (transfer under 28 U.S.C. § 1406 (a)); *Skil Corp. v. Millers Falls Co.*, 541 F.2d 554, 558-559 (6th Cir.) (alternative holding) (transfer under 28 U.S. C. § 1404 (a)), *cert. denied*, 429 U.S. 1029 (1976); 1B Moore's PP0.404[4.-5], 0.404[8]). As the Supreme Court explained, "the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id*. Thus, "[u]nder law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id*. at 819.

This Court in *Hamilton v. Geithner*, 2009 U.S. Dist. LEXIS 49987 (E.D. Va. June 15, 2009), expressly applied the law of the case doctrine to preclude reconsideration of a transfer order absent extraordinary circumstances:

> First, the "law of the case" doctrine circumscribes a court's discretion when it reconsiders another district court's decision to transfer a case. The Supreme Court has explained that, when reconsidering a court's motion to transfer, the transferee court should not overturn the decision "'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous or would work a manifest injustice.'" [Citations omitted]. The transfer decision should not be reversed if the transferee court "can find the transfer decision plausible."

*Id.* at 12-13 (quoting *Christianson v. Colt Indus. Operating Grp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1985)). *See also United States v. Lentz*, 384 F. Supp. 2d 934, 939 (E.D. Va. 2005); *Walker v. S.W.I.F.T. SCRL*, 2007 U.S. Dist. LEXIS 77803 (E.D. Va. 2007).

As the Third Circuit emphasized in *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982):

> Adherence to law of the case principles is even more important in this context where the transferor judge and the transferee judge are not members of the same court. Here, the principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority.

*Id.* at 169 (citing *Hoffman v. Blaski*, 363 U.S. 335, 348-49 (1960) (Frankfurter, J., dissenting); *Chicago & N.W. Transp. Co. v. United States*, 574 F.2d 926, 930 (7th Cir. 1978)). The *Hayman* court also pointed to "a thoughtful discussion of why law of the case principles should apply in the context of a motion to retransfer" in *Gulf Research & D. Co. v. Schlumberger Well Sur. Corp.*, 98 F. Supp. 198 (D. Del.), *mandamus denied sub nom. Gulf Research & Development Co. v. Leahy*, 193 F.2d 302 (3d Cir. 1951), *aff'd by an equally divided Court*, 344 U.S. 861 (1952), where the judge observed in denying a motion to retransfer:

> If I should grant plaintiffs' motion and say, in effect, to Judge Harrison, "You were wrong in transferring this case to Delaware," I do not think he, in turn, would be any more bound to take and try the case on the merits, thereby respecting my views, than I had shown myself to be in ignoring his considered judgment. If both Judge Harrison and I were obdurate in our positions, this case could conceivably shuttle back and forth interminably between California and Delaware. Such an eventuality should be avoided.

98 F. Supp. at 201. Similarly, the Sixth Circuit in *Skil Corp. v. Millers Falls Co.*, 541 F.2d 554 (6th Cir. Ohio 1976) declared that the venue transfer statute "was never intended to afford a vehicle in patent litigation to shuttle cases involving the same patents between District Courts in different Circuits, resulting in a battle over the choice of forum, and delaying indefinitely a trial on the merits." *Id.* at 559.

> 2. **The Eastern District of Texas Magistrate Judge's Transfer Decision Was More Than Plausible and Not Clearly Erroneous**

This Court should not disturb the Eastern District of Texas Magistrate Judge's transfer decision because it was more than plausible and not clearly erroneous.

The Magistrate Judge's finding that the Eastern District of Virginia is a clearly more convenient venue for the witnesses is supported by the record. The inventor of the asserted patent and founder and chief executive officer of the company that practices the patent resides in Alexandria, Virginia. In addition, the attorney that prosecuted the asserted patent has an office in Bethesda, Maryland within the subpoena power of the Eastern District of Virginia. The Magistrate Judge found that "[t]he Eastern District of Virginia appears to be the most convenient forum for the specifically identified third party witnesses such as Dr. Alabaster and Mr. Kelber. Dr. Alabaster, as an inventor and executive of a practicing entity, appears to be a particularly important third party witness." Dkt. No. 61 at 6. The Texas Magistrate Judge also observed that there may be two prior art witnesses each within the subpoena power of the Eastern District of Virginia. *Id.* The Texas Magistrate Judge also emphasized that, at the time, at least two other

cases have been transferred to the Eastern District of Virginia and no DietGoal cases were pending in the Southern District of New York. The number of DietGoal cases now pending in this District is five. Furthermore, the Texas Magistrate Judge observed that the Eastern District of Virginia has a strong localized interest in this case because "it is the situs of the inventive activity, and the entity formed to commercialize and practice the invention (DietFit) is presently located in the district." *Id.* at 7.

Thus, the Texas Magistrate Judge's transfer decision is more than plausible and not clearly erroneous and, therefore, should not be disturbed by this Court in accordance with the law of the case doctrine.

Time's assertion that "neither party sought this forum or had an opportunity to address whether this District is a convenient forum pursuant to 28 U.S.C. § 1404(a)" is false. Time, in its supplemental brief filed with the Texas court, expressly argued why the Southern District of New York was a more convenient form than this District. *See* Dkt. No. 57. Moreover, if Time believed that it did not have a full opportunity to present its arguments regarding transfer of this case to this District, it could have and should have sought relief regarding this issue from the Texas court. Time should not be allowed to circumvent Rule 72 and the law of the case doctrine by sitting on its rights in Texas and then making arguments to this Court that it could have made to the Texas court.

Also without merit is Time's argument that the Texas Magistrate Judge's transfer order was "based upon an incomplete record." Time argues in its motion before this Court that the inventor of the asserted patent consented to the jurisdiction of New York County courts in connection with any dispute regarding his sale of his patent to DietGoal. Time, however, made this argument to the Texas Magistrate Judge. *See* Dkt. No. 57 at 3 (emphasizing "his

[Alabaster's] agreement that New York courts would have exclusive jurisdiction over issues arising out his patent license to DietGoal" and "Mr. Alabaster's consent to New York"). Moreover, Time fails to explain how this fact shows that the Eastern District of Virginia would not be a more convenient forum for this witness to provide testimony, given he resides in Alexandria, Virginia.

In addition, the fact that the managing members of DietGoal reside in the New York City area – making New York City its "principal place of business" for procedural purposes – is not new evidence. The Magistrate Judge fully considered this evidence but nevertheless concluded that the Eastern District of Virginia was the most convenient forum for litigating this case. Dkt. No. 61 at 4. Furthermore, contrary to Time's assertion, DietGoal never took "inconsistent positions" regarding these facts. The Texas Magistrate Judge simply concluded that, "[g]iven that . . . Mr. Salmon and Mr. Mitry have merely acquired the asserted patent in order to bring this suit, they appear to have little relevant evidence to offer as compared to normal "party" witnesses." Dkt. No. 61 at 4.

Although Time now argues that the patent prosecution attorney (who resides in Maryland and within this Court's subpoena power) does not have any documents to produce regarding this case, this does not diminish the fact that this forum is the most convenient one for him in which to appear as a witness. This "new evidence" does not indicate that the Southern District of New York is a clearly more convenient forum for the resolution of this dispute.

In the final analysis, none of Time's arguments in its motion before this Court establishes that the Texas Magistrate Judge's decision to transfer this case to this Court was not plausible and was clearly erroneous. The Texas Magistrate Judge considered all of the relevant evidence Time presents to this Court regarding the issue of venue transfer and justifiably concluded that

this District was clearly more convenient. Consequently, this Court should not reconsider or reverse the decision of the Magistrate Judge in the Eastern District of Texas to transfer this case to this District, and should deny Time's second motion to transfer.

### C. TIME'S MOTION TO TRANSFER SHOULD BE DENIED GIVEN THE PENDENCY OF OTHER RELATED CASES IN THIS DISTRICT

There is one new fact that counsels strongly against transferring this case out of this District. Presently, there are four other patent infringement lawsuits filed by DietGoal against other defendants involving the same asserted patent pending in this district.

One of the factors for the Court to consider when determining whether transfer to a case to another district is the interest of justice. *See* 28 U.S.C. § 1404(a). *See also Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 2013 U.S. Dist. LEXIS 31626 (E.D. Va. Mar. 6, 2013). Analysis of this factor encompasses considerations unrelated to witness and party convenience, including the pendency of a related action in the District. *Innovative Communs. Techs., Inc. v. Vivox, Inc.*, 2012 U.S. Dist. LEXIS 143413, 17-18 (E.D. Va. Oct. 2, 2012). As this Court declared in *Innovative Communications*:

> The most important factor for this Court in considering the interests of justice is the pendency of other actions, judicial economy, and the risk of inconsistent judgments. As the court stated in *Heinz Kettler*, this final factor "encompasses public interest factors aimed at systemic integrity and fairness" including "judicial economy and the avoidance of inconsistent judgments." [Citation omitted]. Indeed, "[o]ne of the most commonly cited aspects of the 'interest of justice' factor is the goal of avoiding 'multiplicity of litigation from a single transaction.'" [Citation omitted]. It is important to consider the pendency of related cases because "[i]n most cases, the 'litigation of related claims in the same tribunal facilitates efficient, economical, and expeditious pre-trial proceedings and discovery,' and prevents 'duplicative litigation and inconsistent results.'" [Citation omitted].

*Id.* at 19-20. Time recognizes this factor.

In this case, there are five other DietGoal lawsuits involving the same asserted patent now pending in this District.  Although these cases have not yet been consolidated for pretrial purposes, such consolidation is almost inevitable.  *See Innovative Communs. Techs., Inc.*, *supra*, 2012 U.S. Dist. LEXIS 143413 at 17.  In view of these related cases pending in this District, the interest of justice will be served by retaining this case so it can be coordinated with the other DietGoal lawsuits.  As this Court observed in *Innovative Communications*:

> [T]he Court finds that the efficiency of the judicial process, economy of judicial resources, the pendency of nearly identical actions which have already been consolidated, and the risk of inconsistent judgments all demonstrate that the interests of justice weigh heavily against transfer of venue in this matter at the present time.

*Id.* at 23.

Finally, Time's motion concedes that court congestion is another factor that should be considered regarding whether to transfer a case and where to transfer a case.  *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011).  This factor clearly favors the Eastern District of Virginia.  *See* Exhibit B.  Time improperly attempts to diminish this factor by citing cases where the action pending before the Court had no discernible connection with the Eastern District of Virginia.  This is certainly not the case here, where the inventor resides and conceived and reduced to practice the invention claimed in the asserted patent in this District.

## IV.     CONCLUSION

Time's second motion to transfer filed with this Court is precluded by Rule 72 of the Federal Rules of Civil Procedure and is a prime candidate for application of the law of the case doctrine.  Time filed a motion to transfer in the Eastern District of Texas seeking transfer of this case to the Southern District of New York.  Time had a full and fair opportunity to present its arguments and evidence in support of its motion to transfer.  The Magistrate Judge in the Eastern

District of Texas decided that this case should be transferred to this District after a thorough consideration of all of the evidence and applicable transfer factors. Time did not seek reconsideration of the Magistrate Judge's transfer order in the Eastern District of Texas as it had a right to do. Instead, Time seeks an improper second bite at the transfer apple in this Court. Time does not argue, much less prove, that the Magistrate Judge's transfer order was not plausible and was clearly erroneous. Such an improper effort to persuade this Court to reconsider the decisions of another district court in the same case is precisely what the law of the case doctrine was designed to preclude.

Allowing such serial motions to transfer would undermine public confidence in our judiciary, squander private and public resources and subvert the orderly functioning of the judicial process. The law of the case doctrine was designed to prevent the perpetual game of jurisdictional ping-pong or musical chairs Time's motion threatens to invoke. For all of the reasons discussed above, Time's second motion to transfer should be denied.

Dated:  May 14, 2013 Respectfully submitted,

**MCNEELY, HARE & WAR LLP**

By: */s/ Steven War*
Steven War VSB #45048)
Steve@miplaw.com

5335 Wisconsin Ave, N.W.
Suite 440
Washington, DC  20015
Telephone: (202) 536-5877
Facsimile: (202) 478-1813

**BUETHER JOE & CARPENTER, LLC**

Christopher M. Joe
*Pro Hac Vice*
Chris.Joe@BJCIPLaw.com
Eric W. Buether
*Pro Hac Vice*
Eric.Buether@BJCIPLaw.com
Michael D. Ricketts
*Pro Hac Vice*
Mickey.Ricketts@BJCIPLaw.com
Niknaz Bukovcan
*Pro Hac Vice*
niky.bukovcan@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 635-1839
Facsimile: (972) 656-0967

**ATTORNEYS FOR PLAINTIFF
DIETGOAL INNOVATIONS LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 23, 2013, I will electronically file the forgoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Steven War*
Steven War