UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
DIETGOAL INNOVATIONS LLC,                           :
:           13 Civ. 8381 (PAE)
Plaintiff,        :
:           OPINION & ORDER
-v-                                          :
:
TIME, INC.,                                         :
:
Defendant.        :
:
------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/14

PAUL A. ENGELMAYER, District Judge:

On July 8, 2014, the Court issued an Opinion & Order in *DietGoal Innovations LLC v. Bravo Media LLC (Division of NBC Universal Media, LLC)*, No. 13 Civ. 8391 (S.D.N.Y. filed June 13, 2012) ("*DietGoal v. Bravo*" or "*Bravo*"), dismissing the case on the ground that the '516 Patent is drawn to patent-ineligible subject matter, and thus is invalid under 35 U.S.C. § 101. Dkt. 148. On July 14, 2014, the Court accepted as related another case, *DietGoal Innovations LLC v. Time, Inc.*, No. 13 Civ. 8381 (S.D.N.Y. filed June 13, 2012) ("*DietGoal v. Time*" or "*Time*"), previously assigned to Judge Rakoff. On that same day, the Court issued an Order stating that "[b]ecause the cases involve the same plaintiff claiming infringement of the same patent, it appears to the Court that, under principles of defensive collateral estoppel, the Court's decision under § 101 in *DietGoal v. Bravo* is controlling in *DietGoal v. Time*, thus requiring dismissal of that case as well." Dkt. 133. The Court invited each party to submit a letter if it believed that *DietGoal v. Time* is not controlled by the Court's decision in *DietGoal v. Bravo*. *See id.* On July 21, 2014, plaintiff DietGoal Innovations LLC ("DietGoal") submitted such a letter to the Court. Dkt. 144. Time, Inc. ("Time") did not submit a letter.

For the reasons that follow, *Time* is dismissed.

## I. Legal Standard

In *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), the Supreme Court made the rule of estoppel available to defendants in subsequent patent infringement litigation. In applying the rule of estoppel in the patent context, "the question, as in the traditional estoppel situation, is whether the patentee had both fair opportunity and incentive to litigate the validity issue in the first litigation." *Sampson v. Ampex Corp.*, 478 F.2d 339, 341 (2d Cir. 1973). The *Blonder-Tongue* Court identified such considerations as including, *inter alia*, "the convenience of the initial forum to the patentee, and the related issue of whether the patentee was plaintiff or defendant in the original action as bearing upon the question of 'whether a patentee has had a full and fair chance to litigate the validity of his patent in an earlier case.'" *Id.* (quoting *Blonder-Tongue*, 402 U.S. at 333). The Court noted, however, that "[i]n the end, decision will necessarily rest on the trial courts' sense of justice and equity." *Blonder-Tongue*, 402 U.S. at 333.

## II. Discussion

Applying those principles to the case at hand, it is clear that the Court's decision in *Bravo* requires dismissal of *Time*. The cases involve the same plaintiff, alleging infringement of the same patent, in the same forum. In *Bravo*, the Court held that the '516 Patent was invalid under § 101 of the Patent Act, because it is drawn to the abstract ideal of meal planning. That is a legal determination, which DietGoal certainly had a "full and fair opportunity and incentive to litigate"—a reality DietGoal does not seriously contest in its July 21, 2014 letter. Thus, the Court's § 101 determination applies with equal force to *Time*, requiring dismissal of that case as well.

Considerations of "justice and equity" do not require a contrary result. DietGoal is free—and indeed it has already taken steps—to pursue an appeal of the Court's ruling on the validity of the '516 Patent before the Federal Circuit. And if the Federal Circuit vacates or reverses the Court's §101 ruling on appeal, DietGoal will have the opportunity to continue to litigate both *Bravo*

2

and *Time* before this Court.  Dismissal of *Time* at this juncture does not prejudice DietGoal in any way.

Accordingly, *Time* is dismissed on the ground of collateral estoppel.  The Clerk is directed to terminate any pending motions, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: August 8, 2014
       New York, New York